UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

DAN-DEE INTERNATIONAL, LTD.,

                      Plaintiff,

      vs.

KELLYTOY (USA), INC., KELLYTOY
WORLDWIDE, INC., AND WALGREEN CO.

                    Defendants.

---------------------------------------------------------------- x

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Dan-Dee International, Ltd. ("Dan-Dee" or "Plaintiff"), by and through its counsel Amster, Rothstein & Ebenstein, LLP, for its Complaint against Kellytoy (USA), Inc. and Kellytoy Worldwide, Inc. (collectively, "Kellytoy") and Walgreen Co. ("Walgreens" and together with Kellytoy, "Defendants"), alleges as follows:

## THE PARTIES

1.      Dan-Dee is a business entity organized under the laws of the State of Delaware having a principal place of business at 106 Harbor Drive, Jersey City, New Jersey 07305.

2.      Upon information and belief, Kellytoy (USA), Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business at 4811 S. Alameda Street, Los Angeles, CA 90058.

3.      Upon information and belief, Kellytoy Worldwide, Inc. is a corporation organized and existing under the laws of the State of California, with a principal place of business at 4811 S. Alameda Street, Los Angeles, CA 90058.

4.      Upon information and belief, Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 200 Wilmot Road, Deerfield, IL 60015 and numerous stores in this judicial district.

## JURISDICTION AND VENUE

5.      Walgreens is doing business within this judicial district and is subject to the jurisdiction of this Court pursuant to the laws of this State.

6.      Upon information and belief, Defendants are transacting business within this judicial district and are subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.  By means of illustration, upon information and belief, infringing products manufactured by Kellytoy have been distributed by Defendants within this judicial district and elsewhere throughout this State.

7.      Based on the foregoing, personal jurisdiction may be exercised over Defendants pursuant to C.P.L.R. § 302(a)(1) since Defendants have in person or through an agent contracted anywhere to supply goods or services in New York State and the cause of action arises from such acts.

8.      Moreover, personal jurisdiction may be exercised over Defendants since they have committed a tortious act within New York State within the meaning of C.P.L.R. § 302(a)(2) because the Infringing Products, as hereinafter defined, have been distributed in this State.

9.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

11.     Dan-Dee is engaged in the business of designing, manufacturing, and selling a variety of high quality children's toys and playthings, including but not limited to plush toys, which generally consist of original and distinctive designs

680412.1

12.     Dan-Dee sells its plush toys within this judicial district, throughout the United States of America, and throughout the world.

13.     Among the many plush toys manufactured and sold by Dan-Dee are the original designs of its Valentine's Day assortment which is comprised of a dog, bear, and monkey each having a unique and distinctive design, color, texture, and appearance (the "Valentine Assortment").

14.     The Valentine Assortment is the subject of U.S. Copyright Registration No. VA 1-993-821 (the "'821 Copyright Registration"), which is effective as of February 29, 2016 and is valid and subsisting.  A copy of the '821 Copyright Registration and the deposit copy submitted therewith are attached as Exhibit A.

15.     Dan-Dee has manufactured and sold the Valentine Assortment since 2010.  Since that time, Dan-Dee has sold hundreds of thousands of pieces from its Valentine Assortment to customers, including Walgreens and other major retailers.

16.     In fact, Dan-Dee sold the Valentine Assortment to Walgreens for the 2013, 2014, 2015, 2016, and 2017 Valentine holiday.  However, for Valentine 2018, Walgreens did not order the Valentine Assortment from Dan-Dee.

17.     Dan-Dee has also sold and manufactured the original design of a distinctive plush teddy bear (the "Sweetheart Teddy").

18.     The Sweetheart Teddy is the subject of U.S. Copyright Registration Nos. VA 916-197 (the "'197 Copyright Registration") which is effective as of September 25, 1998 and VA 999-269 (the "'269 Copyright Registration") which is effective as of April 21, 2000.  The '197 Copyright Registration and the '269 Copyright Registration are valid and subsisting.  A copy of the '197 Copyright Registration and the deposit copy submitted therewith are attached as Exhibit

B.   A copy of the '269 Copyright Registration and the deposit copy submitted therewith are attached as Exhibit C.

19.     Dan-Dee has manufactured and sold the Sweetheart Teddy since at least 1991. Since that time, Dan-Dee has sold millions of such product exclusively to Walmart.

20.     The Valentine Assortment and Sweetheart Teddy are original copyrightable three-dimensional designs.  All rights in the Valentine Assortment and Sweetheart Teddy, including all copyright rights and registrations and all income, royalties, damages, and payments due in respect of the same, are owned by Dan-Dee.

21.     Said designs contain material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

22.     Dan-Dee has duly complied with all of the provisions of Title 17 of the United States Code, and all of the applicable laws governing copyright to register its claims to copyright in the Valentine Assortment and Sweetheart Teddy.

23.     Subsequent to Dan-Dee's creation and sale of the Valentine Assortment and Sweetheart Teddy and subsequent to the effective date of the corresponding Copyright Registrations, Dan-Dee learned that substantially identical copies of the Valentine Assortment and Sweetheart Teddy were being sold at Walgreens (the "Infringing Products").

24.     As shown in the below side by side comparison, Kellytoy's "Hug Me Bear With Heart," which has been offered for sale and sold at Walgreens, is substantially identical to Dan-Dee's Sweetheart Teddy.

| Dan-Dee's Sweetheart Teddy | Kellytoy's "Hug Me Bear With Heart" |
|---|---|



25.     As shown in the below side by side comparison, Kellytoy's Valentine's Day "Hug Me" dog, bear, and monkey, which have been offered for sale and sold at Walgreens, are substantially identical to the dog, bear, and monkey which comprise Dan-Dee's Valentine Assortment.

| Dan-Dee's Valentine Assortment | Kellytoy's "Hug Me" Dog, Bear, & Monkey |
|---|---|



| Dan-Dee's Valentine Assortment | Kellytoy's "Hug Me" Dog, Bear, & Monkey |
|---|---|



26.     On or about February 23, 2018, Dan-Dee put Defendants on notice of the infringement of Dan-Dee's rights in the Valentine Assortment and Sweetheart Teddy. A copy of the notice letters to Kellytoy dated February 23, 2018 (without Exhibits) are attached as Exhibit

D.  A copy of the notice letters to Walgreens dated February 23, 2018 (without Exhibits) are attached as Exhibit E.

27.     On or about April 16, 2018, Kellytoy, through its counsel, responded to the notice letters and several further correspondences were subsequently exchanged, however an agreed resolution of Dan-Dee's claims was not reached.

28.     Upon information and belief, Defendants are continuing to offer for sale and sell the Infringing Products.

29.     The copying, importing, offering for sale, and sale by Defendants of the Infringing Products was and is without the permission, license, or consent of Dan-Dee.

30.     The future copying, importing, offering for sale, and sale by Defendants of the Infringing Products is without the permission, license, or consent of Dan-Dee.

## COUNT I - COPYRIGHT INFRINGEMENT

31.     Plaintiff incorporates by reference as if fully set forth herein the averments contained within the preceding paragraphs 1 through 30, inclusive.

32.     Upon information and belief, in or about 2017, Kellytoy copied Dan-Dee's Valentine Assortment and Sweetheart Teddy and offered for sale the Infringing Products to Walgreens.

33.     Kellytoy has manufactured, sold, and imported the Infringing Products in violation of the copyright of Dan-Dee in the Valentine Assortment and Sweetheart Teddy.

34.     Kellytoy's sale of the Infringing Products to Walgreens, a customer of Dan-Dee and a prior purchaser of the Valentine Assortment from Dan-Dee, was in competition with Dan-Dee, and the acts alleged herein have been without the permission, license or consent of Dan-Dee.

680412.1

35.     Based on the striking similarity of the Infringing Products to Dan-Dee's Valentine Assortment and Sweetheart Teddy, including the incorporation of the specific and arbitrary details of the designs embodied in the Valentine Assortment and Sweetheart Teddy, it is apparent that Kellytoy copied the Dan-Dee Valentine Assortment and Sweetheart Teddy.

36.     Based on Walgreens' sale of Dan-Dee's Valentine Assortment for five years prior to its purchase and sale of the Infringing Products, Walgreens' infringement was knowing and willful.

37.     Upon information and belief, at the time the Infringing Products were offered for sale to Walgreens by Kellytoy, Defendants knew or should have known that the designs of the Valentine Assortment and Sweetheart Teddy were proprietary and therefore their infringement was knowing and willful.  To the extent Defendants' knowledge was not knowing and willful, it was with willful blindness.

38.     Defendants' acts alleged herein constitute violations of the exclusive rights of Dan-Dee under 17 U.S.C. §§ 106, 113 and 602 and constitute infringement under 17 U.S.C. § 501.

39.     Dan-Dee has suffered and will continue to suffer damage to its business, including loss of its reputation for exclusivity for the distinctive design of its Valentine Assortment and Sweetheart Teddy, as well as loss of sales.

40.     Defendants' acts are damaging to Dan-Dee in an amount to be determined at trial and are in a manner for which Dan-Dee has no adequate remedy at law, and Dan-Dee is suffering irreparable harm as a result of the acts of Defendants.

WHEREFORE, Plaintiff Dan-Dee demands:

A.      Defendants, its officers, agents, servants, employees, and attorneys and all those in active concert and participation with them, be preliminarily and permanently enjoined from:

    i.      manufacturing, reproducing, copying, displaying, publishing, vending, distributing, selling, promoting, importing, exporting, and/or advertising, assisting, inducing, or contributing to the manufacturing, reproducing, copying, displaying, publishing, vending, distributing, selling, promoting, and/or advertising any product that contains material copied from and substantially similar to the Valentine Assortment and Sweetheart Teddy; and

    ii.     otherwise infringing the copyrights in the Valentine Assortment and Sweetheart Teddy, including but not limited to the copyright represented by the Copyright Registrations.

B.      During the pendency of this lawsuit Defendants be required to deliver to Dan-Dee for storage or destruction all goods which include copies of the Valentine Assortment and Sweetheart Teddy or which are substantially similar to the Valentine Assortment and Sweetheart Teddy, including but not limited to all Infringing Products.

C.      Defendants be required to pay to Dan-Dee such actual damages as Dan-Dee has sustained in consequence of the infringement by Defendants of the Valentine Assortment and Sweetheart Teddy and to account to Dan-Dee for all gains, profits and advantages or to pay to Dan-Dee statutory damages pursuant to 17 U.S.C. § 504, which shall be enhanced in view of the willful nature of the infringement.

680412.1

D.  That Dan-Dee have a recovery from Defendants of the costs of this action and Dan-Dee's reasonable counsel fees pursuant to 17 U.S.C. § 505.

E.  Plaintiff be granted such other and further relief as the Court may deem just and proper.

*Plaintiff demands a jury trial.*

Dated:  New York, NY          Respectfully submitted,
        June 19, 2018

                              AMSTER, ROTHSTEIN & EBENSTEIN LLP
                              Attorneys for Plaintiff
                              90 Park Avenue
                              New York, NY  10016
                              (212) 336-8000  (main)
                              (212) 336-8001  (facsimile)


                              By  /s/ Neil M. Zipkin
                                    Neil M. Zipkin
                                    Jessica A. Capasso

680412.1